**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                       Plaintiff,                            **REPORT AND**
                                                                        **RECOMMENDATION**

                  - against -                                CV 10-252 (ADS) (AKT)

WILLIAM GENOVA,

                      Defendant.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

      Following the notation of default and entry of a default judgment against Defendant William Genova, District Judge Spatt referred this matter to me for an inquest as to damages, including reasonable attorneys' fees and costs, if appropriate.  *See* DE 7.

      Plaintiff brought this student loan collection action against Defendant Genova pursuant to 28 U.S.C. § 1345, which grants district courts original jurisdiction of all civil actions commenced by the United States to recover a debt owed to.  Plaintiff seeks a total award of $16,750.63 which includes the outstanding principal on two loans and interest, as well as filing and service of process costs.  *See* Michael T. Sucher Aff. of Amount Due ("Sucher Aff."), ¶ 7.

      Based upon the information submitted by Plaintiff and for the reasons stated below, I respectfully recommend to Judge Spatt that $16,269.74  in damages be awarded to Plaintiff, with interest continuing to accrue at a daily rate of $.98 per day for the period running from March 8, 2010 until the date that judgment is entered.

## II. BACKGROUND

On September 22, 1987, Defendant executed a promissory note to secure a loan of $4,000 ("Loan 1") from First Independent Trust Company ("FITC"). Compl. ¶ 3 and Ex. A. The loan was disbursed on October 22, 1987 at a variable rate of interest to be established by the Department of Education. *Id.* Ex. A. The loan obligation was guaranteed by the Higher Education Assistance Foundation ("HEAF") and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071, *et seq.* On November 28, 1990, Defendant defaulted on the obligation after payment was demanded and FITC filed a claim on the loan guarantee. Compl. ¶ 7 and Ex. A. HEAF paid a claim in the amount of $4,700.40 to FITC and was then reimbursed by the Department of Education under its reinsurance agreement. As HEAF was unable to collect the amount due from the Defendant, it assigned its right and title to the loan to the Department of Education on July 8, 1993.

Also on September 22, 1987, Defendant executed a promissory note to secure a loan of $2,625 ("Loan 2") from FITC which was disbursed on October 16, 1987 at 8% interest per annum. Compl. ¶ 4 and Ex. B. This loan was also guaranteed by HEAF and was then reinsured by the Department of Education. After payment was duly demanded, Defendant defaulted on February 28, 1989. Compl. ¶ 7 and Ex. B. HEAF paid to FITC $2,798.06 and was reimbursed that amount from the Department of Education. Unable to collect the amount due from Defendant, HEAF assigned its right and title to the loan to the Department of Education on October 19, 2003.

Based on the above circumstances, Plaintiff filed its complaint on January 21, 2010. *See* DE 1. The Summons and Complaint were served on the person of Defendant's father at Defendants's dwelling on January 30, 2010 and were also mailed to Defendant on February 1, 2010. *See* DE 3. After Defendant failed to answer the Complaint, Plaintiff moved for entry of default judgment on March 16, 2010. *See* DE 4. A Notation of Default was entered by the Clerk of this Court on March 19, 2006, and District Judge Spatt entered a default judgment on September 7, 2010. *See* DE 6-7.

### III. DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *Joe Hand Promotions, Inc. v. El Norteno Restaurant Corp.*, No. 06 Civ. 1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.I.U.I. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales*, No. 05 Civ. 0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)). Here, the Complaint and the attached Certificates of Indebtedness by the Department of Education clearly allege that Defendant took out two loans on which he subsequently defaulted.

For purposes of an inquest, the Court generally accepts as true all of the well-pleaded factual allegations set forth in the Complaint, except those related to damages. *See Trustees of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr.*, No. 05-CV-1665, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d

3

61, 65 (2d Cir.1981)). The only question remaining, then, is whether Plaintiff has provided adequate support for the relief it seeks. *See Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158; *see also Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 160 (E.D.N.Y. 2008) (determining that a Court must still "conduct an inquiry to ascertain the amount of damages with reasonable certainty" after an entry of default).

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *LaBarbera v. Les Sub-Surface Plumbing, Inc.*, No. 06-CV-3343, 2008 WL 906695 (E.D.N.Y. Apr. 3, 2008) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir.1997)). Counsel for Plaintiff advised the Court on September 8, 2010 that all papers necessary to make a determination of damages were annexed to the Complaint (including the Certificates of Indebtedness by the Department of Education) as well as the information contained in Plaintiff's Notice of Motion and supporting papers. *See* DE 8. The Court finds that in this student loan collection case where Plaintiff is not seeking attorneys' fees [*see* Sucher Aff., ¶ 5], the prior submissions by Plaintiff provide sufficient evidence to form the basis for an award of damages. *See United States v. Tobee*, No. 10-CV-0731, 2010 WL 1853767, at *1 (E.D.N.Y. May 4, 2010) ("Plaintiff seeks a sum certain in this action; therefore, a detailed analysis of damages is unnecessary."). The following discussion assesses the amount of damages to which Plaintiff is entitled based upon the information set forth in Plaintiff's submissions and as evaluated by the Court.

### A. Loan Principal

Plaintiff seeks $4,700.40 in principal on Loan 1 and $2,269.45 in principal on Loan 2, which equals the amounts paid by HEAF and which was reimbursed by the Department of Education for the loans. *See* Sucher Aff., ¶ 7. Pursuant to 34 C.F.R 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. *See* 34 C.F.R.682.410(b)(4) ("The guaranty agency shall capitalize any unpaid interest due the lender from the borrower at the time the agency pays a default claim to the lender."). Thus, the amounts paid by HEAF took into account the original loan amounts, none of which was paid back by Defendant, and interest that accrued up until Defendant's default. The principal amounts sought by Plaintiff are pursuant to the Certificates of Indebtedness issued by the Department. *See* Compl. Exs. A and B.[1] This District has previously granted plaintiffs principal damages relying solely on the Certificates. *See Tobee*, 2010 WL 1853767, at *1 (granting damages pursuant to Certificate of Indebtedness). Accordingly, I respectfully recommend to Judge Spatt that damages be awarded in favor of Plaintiff in the sum of $6,969.85 for the principal amounts set forth in the two loans.

### B. Interest

Plaintiff also seeks $6,142.67 in interest on Loan 1 and $3,238.11 in interest on Loan 2 for the period up to and including March 8, 2010. *See* Sucher Aff., ¶ 7. According to the Certificates of Indebtedness, Loan 1 interest accrues on the principal at an annual rate of 3.73%,

---

[1] There appears to be a discrepancy on the Certificate of Indebtedness for Loan 2. Although HEAF paid $2,798.06 to FITC, the Certificate of Indebtedness shows principal owed as $2,269.45. As the lesser figure is sought by Plaintiff, the Court will accept that amount as the principal owed in awarding damages to Plaintiff.

which equates to a daily rate of $.48 (principal of $4,700.40 x 3.73% / 365 days). For Loan 2, interest accrues at an annual rate of 8%, which equates to a daily rate of $.50 (principal of $2,269.45 x 8% / 365 days). A prior holding of a court within this District notes that, "[t]]he court need not enter into a detailed analysis as to the principal and interest sought" when the plaintiff "provided Certificates of Indebtedness annexed to the Complaint that substantiate those amounts." *See United States v. Freeman,* No. CV 09-4036, 2010 WL 3522812, at *2 (E.D.N.Y. July 26, 2010).

However, the Court notes that on January 7, 2010, the Certificates of Indebtedness calculated total interest of $6,049.49 for Loan 1 and $3,141.61 for Loan 2. Two months later, on March 8, 2010, Plaintiff's counsel calculated accrued interest at $6,142.67 for Loan 1 and $3,238.11 for Loan 2, which show increases of $93.18 and $96.50 respectively. Using the daily interest rates of $.48 and $.50 and multiplying them by 60 days yields additional interest of $28.80 and $30 (not $93.18 and $96.50). Thus, total interest that has accrued on Loan 1 up through March 8, 2010 is $6,078.29 and total interest on Loan 2 through March 8, 2010 is $3,171.60. Therefore, I respectfully recommend to Judge Spatt that Plaintiff be awarded $9,249.89 with additional interest continuing to accrue at a rate of $.98 for each day following March 8, 2010 until the date judgment is entered.

### C. Costs

Finally, pursuant to 28 U.S.C. § 2412, Plaintiff seeks costs in the amount of $400. This figure is comprised of $350 for the filing fee and $50 for service of process fees. *See* Sucher Aff., ¶ 6 and Ex. A. Pursuant to Section 2412(a)(1), a judgment of costs may be awarded in a civil action brought by the United States. Section 2412(a)(2) specifically allows for an amount

equal to the filing fee to be included in the cost calculation. However, the United States is not required to pay a filing fee when initiating an action in federal court. Likewise, no payment of a filing fee is reflected in the Court's Docket, and Plaintiff has not provided any receipt of payment or other documentation for such a fee. Therefore, the Court declines to recommend that such a cost be awarded to Plaintiff. *See Freeman*, 2010 WL 3522812, at *2 n.2 (declining to award filing fee costs where plaintiff did not provide any law or argument to suggest that the statute entitles recovery of a cost that was never incurred). However, Plaintiff has substantiated, by invoice, the $50 service fees incurred in serving the Summons and Complaint on Defendant. *See* Sucher Aff. Ex. A. Accordingly, I respectfully recommend to Judge Spatt that Plaintiff be awarded costs in the sum of $50.

### IV. CONCLUSION

Based upon the foregoing information, I respectfully recommend to Judge Spatt that Plaintiff be awarded $16,269.74 in damages, plus $.98 for each day after March 8, 2010, until judgment is entered.


Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, any objections to this Report and Recommendation must be filed within fourteen (14) days of service. Each party has the right to respond to the other's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 6(a),(e), 72. All objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur D. Spatt. Any request for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the period for filing

objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Plaintiff's counsel is directed to serve a copy of this Report and Recommendation upon Defendant forthwith by overnight mail and first-class mail and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
December 6, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge